### Rogers v. Commonwealth.

(Decided September 29, 1922.)

Appeal from McCracken Circuit Court.

Intoxicating Liquors—Indictment and Information—Exceptions.— In an indictment under section 2554a-1, Kentucky Statutes, unless the exceptions in that section are negatived, a public offense is not charged.

M. E. GILBERT for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—Reversing.

The appellant, Ed Rogers, was attempted to be indicted for the offense of keeping intoxicating liquors for sale, other than for medicinal, mechanical, scientific or sacramental purposes. He demurred generally to the indictment, but the demurrer was overruled. He was tried and convicted. His motion for a new trial was overruled, and he has appealed.

Several reasons for a new trial were set forth in his grounds for a new trial, but we deem it necessary to consider only one, and that was the decision of the court in overruling the demurrer to the indictment. The indictment has the same defect and is demurrable for the same reason as the indictment in the action of Rickman v. Commonwealth of Kentucky, decided by this court on the 26th day of September, 1922, to which reference is made for reasons of the reversal of the judgment in this action. Upon the facts developed by the evidence, the indictment following the caption should have been as follows: "The grand jury of the county of McCracken in the name and by the authority of the Commonwealth of Kentucky accuses Ed Rogers of the offense of unlawfully keeping for sale intoxicating liquors, committed in manner and form as follows, to-wit: Heretofore on the 5th day of January, 1922, and within twelve months before the finding of this indictment, the said Ed Rogers in the said county of McCracken did then and there unlawfully keep for sale, other than for sacramental, scientific, medicinal or mechanical purposes, spirituous liquors, to-wit, whiskey, against the peace and dignity of the Commonwealth of Kentucky." The indictment should accuse the defendant of only one offense, and not all the offenses denounced by the statute, and the exceptions embraced in the section of the statute which creates the offense should be negatived in the indictment.

The judgment is reversed and cause remanded with directions to set aside the judgment, to sustain the demurrer to the indictment, and for other proper proceedings not inconsistent with this opinion.